# Myers *against* Clark.

An error in the date of entering a judgment in an action of replevin, by which it appeared that it was entered before the trial, is no reason why the judgment should not be given in evidence in an action against the sheriff for taking insufficient sureties on the writ of replevin.

The assignment of a replevin bond by the sheriff to the defendant in replevin, and a suit and judgment and execution by him against the sureties in it, is not a bar to an action against the sheriff for taking insufficient sureties.

After judgment against the surety in a replevin bond, he is a competent witness in an action against the sheriff for taking insufficient sureties.

A return of *nulla bona* to an execution upon a judgment against a surety in a replevin bond, is not conclusive evidence, in an action against the sheriff, of the insufficiency of the surety.

A release of the surety in a replevin bond by the defendant in replevin, would be a release of the sheriff; although after the release a judgment had been obtained against the surety.

ERROR to the Common Pleas of *Luzerne* county.

William Clark against Thomas Myers, late sheriff. This was an action against the sheriff for taking insufficient sureties upon a writ of replevin at the suit of John Jackson against William Clark. The plaintiff offered in evidence the record of the trial, verdict and judgment in the action of replevin, *Jackson v. Clark.* The defendant objected to it on the ground that the judgment was entered two days prior in date to the verdict; but the court overruled the objection, and sealed a bill of exception. The plaintiff then gave in evidence the record of a suit upon the replevin bond, Thomas Myers, late sheriff, for the use of William Clark against Ezra Wall and John Jackson, in which a judgment was rendered for $186.86 and costs, a *fieri facias* was issued and returned "*nulla bona*." The sheriff had previously assigned the bond to the plaintiff.

The defendant offered Ezra Wall, the surety in the replevin bond, as a witness to prove that after the commencement of the action of replevin by Jackson against Clark, Jackson left the country; that Clark proposed to the witness that if he would take no part in the prosecution of the replevin suit, he would release him from his liability on the replevin bond; that the witness agreed to the proposition, and did take no part in the preparation or trial of the cause; that there was no witness to this agreement, in consequence of which Wall could not prove it in the suit against him on the bond; and also, to prove that Ezra Wall had at all times since the commencement of the action of replevin sufficient

personal property, liable to execution, to pay the judgment on the bond.

This was objected to by the plaintiff, and rejected by the court, who sealed a bill of exception.

*M'Clintock* and *Kidder,* for plaintiff in error, argued that Wall was a competent witness; he had no interest, for a judgment had already been obtained against him, and he could not be affected by any result in this suit. Why was he estopped? The doctrine of estoppel is never applied to prevent a person from testifying in a suit between other parties. The defendant in this suit was not estopped from proving the truth, because Wall had no witness to prove it in the suit against him. The return of *nulla bona* may have been perfectly in accordance with the fact, and yet the surety well able to pay; was it not competent then for the defendant to prove this?

*Maxwell* and *Butler, contra.* The judgment against Wall was conclusive of his inability to pay; in that suit it was competent for the defendant to make the defence that he had been released, and if he had such a defence, the presumption is he made it; but the plaintiff cannot be called upon to answer a second time to such a defence.

The opinion of the Court was delivered by

KENNEDY, J.—This was an action commenced in the court below, against the plaintiff in error, for having, as sheriff of Luzerne county, taken insufficient bail of a certain John Jackson, for executing a writ of replevin sued out of the Common Pleas of Luzerne county by him, against the defendant in error, who was the plaintiff below. The first error assigned is a bill of exception to the opinion of the court, in admitting the record of the replevin suit in evidence. The objection to giving this record in evidence, was founded upon a discrepancy between the date of the trial and verdict and the date of the rendition of the judgment; the latter of which appeared to be dated two days anterior to the trial and verdict. The court below, however, thought this an insufficient objection, and accordingly admitted the record in evidence. In doing so, we think the court was right, for the date of the rendition of the judgment appearing to be anterior to the trial and verdict, which could not regularly be so, was doubtless an error of the clerk, and might therefore have been corrected and set right by the court at any time; but, supposing it had been an error of the court, the judgment was not therefore void, so that it could be taken advantage of in this action, which is collateral, because the court had jurisdiction over the cause and subject-matter of the suit. The judgment, therefore, was sufficient to show that the action of replevin was ended, and had been decided in favour of the plain-

[Myers v. Clark.]

tiff below in this action, which was certainly necessary to enable him to maintain this action.

The second error assigned. is a bill of exception to the opinion of the court in rejecting evidence offered by the plaintiff in error. The plaintiff in error offered to prove by Ezra Wall, the person taken by the sheriff as bail for the plaintiff in the replevin, against whom a judgment had been obtained on his bond in a suit brought thereon by the defendant in error, in the name of· the sheriff as plaintiff, whereon a writ of *fieri facias* had been issued, directed to the succeeding sheriff of the county, who returned *nulla bona* thereto; that Jackson, the plaintiff in the replevin, left the country during its pendency, after which Clark, the plaintiff, came to Wall, and told him if he would take no part in prosecuting the replevin, he (Clark) would release him as surety in the replevin bond. That Wall agreed to this proposition, and, conceiving himself released from his liability as bail, had nothing to do with preparing the replevin suit for trial. That this agreement was made between themselves, no other being present, which rendered Wall unable to make proof of it in the suit brought against him on the replevin bond. And further, that he, Wall, had at the time of executing the replevin bond, and at all times since, personal property, liable. to execution, sufficient to satisfy and pay the amount of the judgment obtained thereon against him. This offer of the defendant being objected to by the plaintiff, was overruled by the court. An effort has been made to sustain the opinion of the court, in this respect; first, on the ground that Ezra Wall, being the bail in the replevin bond taken by the plaintiff in error, was not a competent witness to prove the facts mentioned in the offer; and secondly, if he was, that evidence of his having personal property, at all times, after the execution of the replevin bond, sufficient to satisfy the amount of the judgment obtained thereon against him, was inadmissible, because it would have contradicted the sheriff's return to the writ of *fieri facias* issued upon that judgment. As to the competency of the bail to be a witness for the sheriff in such case, it does not appear that he was interested in the event of the suit, so as to be either a gainer or loser by it. The extent of his liability has been fixed and determined by the judgment obtained on his bond. He never was under any liability, except what arose out of his bond; and the judgment rendered upon it has fixed the extent of that unalterably, for it is not a bond to which the Statute of 8 and 9 Will. 3, c. 11, sect. 8, extends, so as to authorize a proceeding thereafter by a writ of *scire facias*, in any event that might happen, for the purpose of assigning new breaches of the condition of the bond, with a view to increase the liability of the obligor. *Middleton* v. *Bryan*, (3 *Maule & Selw.* 155); 1 *Saund. Rep.* 58, *note* (*a*); 2 *Ibid.* 187, *note* (2). And Sergeant Williams, in the close of his note (3) to the case of *Mounson* v. *Redshaw*, (1 *Saund. Rep.* 195), says; " in this action

III. — 68

[Myers v. Clark.]

the sureties in the bond may be witnesses to prove whether they were sufficient or not." We therefore think that the objection to the competency of the bail, as a witness for the plaintiff in error, has not been sustained.

Then as to the second ground of objection, that the evidence offered tended to contradict the return to the writ of *fieri facias* issued upon the judgment against the bail, which is, as has been contended by the defendant in error, conclusive upon the plaintiff in error, that the bail had no property liable to be taken in execution, sufficient to satisfy the judgment against him. The return to the *fieri facias* may be *primâ facie* evidence of this fact; but there is no sufficient reason why it should be conclusive upon the plaintiff in error, who was not even called on, or notified, to show property of the bail, to the sheriff, that he might levy the amount of the *fieri facias* out of it. For every day's experience proves that sheriffs make such returns to writs of *fieri facias* put into their hands against defendants, who have at the same time property amply sufficient to satisfy the writs. And this, too, may be done very fairly, in many instances, by the sheriff, where there is abundance of property belonging to the defendant, but he may be unable to get hold of it. The defendant may have property of ten times the value of the amount of money directed to be levied by the execution, in his dwelling-house, but he may close his doors against the sheriff, and the latter having no right to break them open for the purpose of executing such writ, may be compelled to return *nulla bona* to it for his own protection. Or the defendant may have property amply sufficient in other counties of the State, which may be reached by means of *testatum* executions. But at any rate, it is placing the issue upon too narrow ground, to say that the bail had personal property or real property, or both, liable to be taken in execution, sufficient to satisfy the amount of the judgment against him, because he may have neither, and yet have other means, of value, to fifty times the amount of the judgment, which he may be compelled to apply, so far as may be requisite, to its discharge, by means of a *capias ad satisfaciendum.* The real question, in such action as the present against the sheriff, is, does the bail possess and own sufficient means to enable him to pay all his debts or liabilities? In other words, is he solvent? If he be, and it can be and is proven, the plaintiff necessarily fails to support his action; for the very gist of it is, that the bail taken by the sheriff is *insufficient.* The sheriff, by the Statute of Westminster 2, (13 Ed. 3), c. 2, is *required,* before he executes the writ of replevin, to take from the plaintiff pledges to prosecute the same with effect, and also to return the property, &c., if a return shall be adjudged. (1 *Saund. Rep.* 195, *note* 3). And according to our adjudications in this State, the sheriff is held not only responsible for the sufficiency of the bail which he is thus compelled to take, at the time of taking the bond, but likewise

[Myers v. Clark.]

after the replevin shall have been determined, and until the defendant therein shall have obtained the effect of the judgment, if in his favour.  *Oxley* v. *Cowperthwaite,* (1 *Dall.* 349) ; *Pearce* v. *Humphreys,* (14 *Serg. & Rawle* 23).  This is placing the sheriff under a most unreasonable, if not very unjust, responsibility.  But to hold that he shall be *concluded,* by the return of *nulla bona,* made by his successor in office, or even by himself, to a *fieri facias* issued upon the judgment against the bail, from showing the sufficiency of the bail to pay the amount of it, notwithstanding such return, would be adding to the responsibility of the sheriff, and making it still worse and more unreasonable than it has ever been considered.  We, therefore, think that the bail was a competent witness for the plaintiff in error, and that the evidence proposed to be given by him was admissible, and that the court, in refusing to receive it, erred.

If the fact be that the defendant in error agreed to release the bail after Jackson, the plaintiff in the replevin, had left the country, if he would not continue to prosecute and prepare the same for trial on behalf of Jackson, by procuring the evidence in support of his claim to the property, it would certainly be a good defence for the plaintiff in error, as also for the bail, if he could have proved it in the suit against him on the bond.  And indeed it is possible that the defendant in error might have been defeated in the replevin, if Jackson, or the bail, had attended to the trial of it in court ; for it appears that he lost the cause on a previous trial of it before arbitrators, where Jackson attended to it.  In the course of the argument, something was said as to the right of the defendant in error to maintain this action, after taking the bail bond from the plaintiff in error and prosecuting a suit upon it to judgment.  In regard to this, however, we do not apprehend any doubt ; for it has been held that taking an assignment of the *replevin bond* from the sheriff is no waiver of any proceedings afterwards against him, as it is in the case of a *bail bond.*  (1 *Saund. Rep.* 195, *g, note.*)

As to the remaining errors, we can perceive nothing wrong in them.  But for the matters contained in the second error, we are of opinion that the judgment must be reversed.

Judgment reversed, and *venire de novo* awarded.