THE PEOPLE, use of Charles Tibbetts,

*v.*

JOSEPH G. ROBINSON *et al.*

1. SHERIFF—*liability for taking insufficient security on replevin bond.* Where a sheriff, in accepting a surety in a replevin bond, makes inquiry of the neighbors and of reliable men who know the surety, and of the assessor, as to his circumstances, and administers an oath to the surety, the effect of which satisfies the sheriff he is good for the amount of the bond, the sheriff will not be liable upon his official bond for taking insufficient security. The officer is not an insurer of the solvency of the surety.

2. SAME—*liability for not returning replevin bond.* A replevin bond being taken as well for the benefit of the defendant in replevin as for indemnity to the officer, it is the imperative duty of the officer to return it with the writ into court, so as to afford the defendant a chance to require additional security; and failing in this, the officer is liable to the defendant for any damages he may sustain in consequence of the omission.

3. SAME—*liability on his bond.* By the common law, the sheriff and his sureties are answerable on his official bond for all delinquencies, independent of the statute, and the act of 1874 giving an action on his bond but declares what the law was before its passage.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. IRWIN, KROME & HADLEY, for the appellant.

Messrs. GILLESPIE & HAPPY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the Madison circuit court, on the official bond of Joseph G. Robinson as sheriff of that county, to which his sureties were parties.

The first breach alleged was, the failure to take a bond of the replevisor with good and sufficient security. The second breach assigned is, a failure to take from the replevisor a bond conditioned according to law; and the third alleges that after the execution of the writ of replevin, to-wit: on September 30, 1868, defendant caused and procured the writ of replevin to be returned to the circuit court, but did not, nor would he then, or at any other time before or after September 30, return to the circuit court, together with the writ, any such bond, etc. There are averments that the replevisor failed to prosecute his suit, but dismissed the same, and judgment was rendered against him for the costs, and a return of the property, which, it is averred, is eloigned.

Issues were made up, a trial had by a jury and a verdict rendered for the defendant, which the court refused to set aside, on plaintiff's motion, and rendered judgment against the plaintiff for the costs. The plaintiff appeals.

The point pressed upon the attention of the court below, and here, was as to the sufficiency of the replevin bond. The surety therein was Charles W. Jageman. It appears the sheriff resorted to the usual means to acquire a knowledge of his responsibility. He not only inquired of the neighbors, and of reliable men who knew the surety, and of the assessor, but he administered an oath to the surety, the effect of all which was to satisfy the sheriff the surety was good. It is sufficient if he takes security believed to be, and understood by well informed men to be, responsible. We can not think the sheriff was derelict in his duty in this particular. The evidence shows at the time Charles W. Jageman signed the bond, he was good and sufficient. The sheriff can not be held to be an insurer. There is one ground, however, on which the sheriff is clearly

responsible, and that is, failing to return the bond, with the writ, to the clerk's office. It is his imperative duty to make such return. ·The bond is taken as well for the benefit of the defendant in replevin whose property has been taken out of his possession, as for indemnity to the officer. Had this bond been returned in due time, the defendant would have had an opportunity to obtain a rule upon the plaintiff to give a sufficient bond, on peril of a dismissal of the suit. Such damages as the plaintiff can show he has suffered by this failure of the officer, he is entitled to recover.

It is suggested by appellees there was no remedy on the official bond of the sheriff at the time when the replevin bond in question was taken; that the remedy was by action on the case, against the sheriff only. The answer to this is, by the common law the sheriff and his sureties were amenable on his bond for all delinquencies, and the act of 1874 but declares what the law was before its passage.

For the reasons given, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

<em>Judgment reversed.</em>