Robinson v. The People.

8  279
82  568

JOSEPH G. ROBINSON ET AL.

v.

THE PEOPLE, use, etc.

1. SHERIFF'S BOND—BREACHES.—In an action upon a sheriff's bond, for an alleged failure to take and return a good replevin bond, an instruction in the disjunctive, to the effect that if he failed to take a replevin bond, or took an

insufficient one, *or* failed to return the bond within the time required by law, then the plaintiff might recover full damages is erroneous, because the jury might under it give full damages for a failure to return the bond, whether the plaintiff was damnified by that particular breach or not.

2. DAMAGES—MUST ARISE FROM THE BREACH ALLEGED.—There must in all cases be some connection between the wrong complained of and the damages recovered. The damages recovered must be such as the plaintiff sustained by reason of the neglect charged in the particular breach upon which recovery is had.

3. GOOD FAITH IN TAKING BOND.—Good faith in taking a replevin bond avails nothing unless the officer uses the best means of forming a correct opinion as to the value of the property. The officer is not an insurer, but it does require of him that he avails himself of the best means of information at hand, and that he exercise such sound judgment as a prudent man would use in important business affairs.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 7, 1881.

Mr. DAVID GILLESPIE, for appellants; contending that the action was barred by the statute, and that the law in force at the time suit is brought, must govern as to the limitation, cited Laws 1869, 372; Bruce v. Schuyler, 4 Gilm. 221; State v. Swope, 7 Porter, 91; Ala. State Bank v. Dalton, 9 How, 522; Pritchard v. Spencer, 2 Ind. 486; Stepp v. Brown, 2 Ind. 647; Pierce v. Tobey, 5 Met. 168; Ansell v. Ansell, 3 C. & P. 563; McElmoyle v. Cohen, 13 Pet. 412; Lincoln v. Battelle, 4 Wend. 75; Mitchell v. Fuelright, 32 B. Mon. 551.

Sureties on a replevin bond can be held for no more than the penalty of the bond, and this must limit the recovery upon the bond in this case: Evans v. Brandes, 2 H. Black. 348; Jeffry v. Bastaid, 4 A. & E. 823; Paul v. Goodluck, 2 Bing. 220; Balsley v. Hoffman, 13 Pa. 606; Morris on Replevin, 265.

A failure to take a bond, or the taking of an insufficient bond in replevin, does not oust the court of jurisdiction, and objection in this respect must be made at the earliest moment. Pleading to the merits is a waiver of the objection : Houghton v. Ward, 114 Mass. 49 ; Tuck v. Moses, 58 Me. 473 ; Tripp v. Howe, 43 Vt. 524 ; Spencer v. Dickerson, 15 Ind. 368 ; Claflin v. Thayer, 13 Gray, 459 ; Simonds v. Parker, 1 Met. 508 ; Rich v. Ryder, 105 Mass. 308.

Robinson v. The People.

The jury must find by their verdict the amount of the debt in an action upon a bond : Fournier v. Faggott, 3 Scam. 347 ; Frazier v. Laughlin, 1 Gilm. 185 ; Austin v. Burr, 11 Ill. 452; Pullian v. Pensonneau, 23 Ill. 93 ; Wilcox v. Roby, 3 Gilm. 475 ; Odell v. Hale, 25 Ill. 204; Bodine v. Swisher, 66 Ill. 536; Bowden v. Bowden, 75 Ill. 111.

Messrs. Krome & Hadley and Messrs. Metcalf & Bradshaw, for appellee ; that Statutes of Limitation cannot have a retrospective operation, cited Bruce v. Schuyler, 4 Gilm. 221; Thompson v. Alexander, 11 Ill. 55 ; Marsh v. Chestnut, 14 Ill. 223.

The court may put a verdict in proper form in the presence of the jury: Boynton v. Phelps, 52 Ill. 210 ; Brown v. Rounsavell, 78 Ill. 589.

Baker, J. This was debt on the official bond of Robinson, as sheriff of Madison county. The breaches assigned were that the sheriff, in serving a writ of replevin in the case of Jageman v. Tebbetts, took an insufficient bond, and also that he failed to return the bond taken, with the writ, to the clerk's office.

On the trial the court instructed the jury, that if they believed from the evidence the sheriff " failed to take a bond before replevying said property, or that he took a bond insufficient, either in amount or with insufficient securities, or that he failed to return a bond in the time and manner prescribed by law, they will find for the plaintiff, and assess as damages the value of said property, and in addition thereto the costs incurred by Tebbetts by reason of the wrongful suing out of said writ of replevin." The instruction is in the disjunctive, and under it the jury, even though they believed from the evidence the sheriff took bond amply sufficient in amount and with good and solvent securities, yet if they believed the bond was not returned with the writ on or before the first day of the next term of court to the clerk's office, were required to allow the plaintiff as damages the full value of the property and costs, regardless of the inquiry whether plaintiff was damni-

fied by the failure to so return the bond. The Supreme Court
in this case, and speaking of this failure to return the bond,
said: "Such damages as the plaintiff can show he has suffered
by this failure of the officer, he is entitled to recover." Peo-
ple v. Robinson, 89 Ill. 159. The damages recovered must
be such as the plaintiff "may sustain by reason of such
neglect," i. e., the neglect charged in the particular breach up-
on which recovery is had. R. S. Ch. 119, § 12. Plaintiff
would clearly have a right of action and nominal damages for
a mere failure to return the bond as required by the statute;
but he would not, as matter of course, be entitled to the value
of the property replevied and the costs of the replevin suit.
There must, in all cases, be some connection between the
wrong complained of and the damages recovered. The instruc-
tion was erroneous, and, in view of the testimony, we think it
may have misled the jury.

The court also gave this instruction, at the instance of the
plaintiff : "4. The court instructs the jury that though the
jury should believe from the evidence that Robinson in taking
the replevin bond in question, acted honestly and fairly in the
exercise of his best judgment, upon his examination and in-
quiry, believed said bond was reasonably sufficient ; yet, if
the jury should further believe from the evidence that said
bond was not good and sufficient, and that within three days
of the execution of said bond, plaintiff Tebbetts informed said
Robinson of the fact that said bond was not good and suffi-
cient, then it was the duty of the sheriff to take steps to
either secure a good and sufficient bond or the return of said
property ; and if the jury believe from the evidence that said
Robinson did nothing, but said if said bond was not good, he
was; then if the jury believe that said Tebbetts was damaged
by his failure to act, then plaintiff is entitled to recover such
damages."

The fact that the sheriff in taking the replevin bond acted
honestly and fairly and in the exercise of his best judgment
and upon such inquiry as he may have made, believed the bond
was reasonable and sufficient, would not protect him from liabil-
ity if the bond or security thereon was insufficient. Something
more than honesty and good faith and some very slight degree

Robinson v. The People.

of examination and inquiry, would be necessary in order to relieve him from responsibility. And then *his* judgment at its best may have been rash and indiscreet. While the sheriff is not an insurer, yet he is bound to take "security understood by well informed men to be responsible." People v. Robinson, *supra.* In People v. Core, 85 Ill. 248, it is held that good faith avails nothing, unless the officer uses the best means of forming a correct opinion as to the value of the property, and it is suggested that this implies more than ordinary care, and excludes all omission of duty. The gist of this instruction is not here, however. When analyzed it will be found the right of plaintiff to recover damages is made to depend upon the mere fact the bond was not good and sufficient, and the further fact that some days after the bond was taken, plaintiff informed the sheriff of his opinion that the bond was not good and sufficient. We are unable to see what this opinion of the plaintiff has to do with the legal rights of the parties to this suit; nor do we perceive the relevancy of what is said in the instruction as to the duty of the officer, upon this *ipse dixit* of the defendant in the replevin, to either get a new bond or get back the property, or, just how he would or could have proceeded so to do. The real point of the instruction was, excluding this matter of surplusage, that the plaintiff's right of recovery was made dependent solely upon the question whether the bond was in fact good and sufficient. If this be so, then the sheriff is an insurer; but the law does not make him such, and only requires of him that he should be guilty of no omission of duty, and avail himself of the best means of information reasonably at his command, and exercise such sound judgment as a prudent man would use in important business affairs.

The instruction is also subject to the criticism, it seems, in its conclusion, to shift the plaintiff's cause of action from the breaches assigned in the declaration to the failure of the sheriff to act upon the above mentioned suggestions of the plaintiff.

We do not regard the other assignments of error as well made; but for the errors in the instructions of the court we feel constrained to reverse the judgment and remand the cause for a new trial. And it is so ordered.

Reversed and remanded.