## THE PEOPLE, WHO SUE FOR THE USE OF SUSAN RUTLEDGE,

### v.

## LEONARD WILMOTH ET AL.

*Principal and Surety—Debt on Bond—Action of—Constable—Pleading.*

1. In an action of debt on the bond of a constable, it being alleged that he used more force than was necessary, lawful or proper, in the execution of a writ, the declaration must show, by facts and circumstances stated, that the injury complained of was done by color or by virtue of his office. It is not enough to make a general charge that the act was done by color or by virtue thereof. The facts and circumstances must be stated so as to show that it was so done, and so that the court can see that the defendants on the facts stated are liable.

2. No action can be maintained upon such bond, where such officer, levying an execution upon the property of a married man, made an unprovoked assault, unconnected therewith, upon the debtor's wife.

3. There can be no inferences drawn to help out a declaration not legitimately arising from the facts stated therein. All intendments are held most strongly against the pleader, and only those facts well pleaded are admitted by a demurrer.

[Opinion filed May 20, 1892.]

IN ERROR to the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. C. H. PAYSON, for plaintiffs in error.

Messrs. FREE P. MORRIS and F. L. HOOPER, for defendants in error.

MR. JUSTICE LACEY. The declaration is in debt on the official bond of defendant in error Wilmoth, as constable, and the other defendants in error as sureties, alleging the execution of the bond in the penal sum of $2,000, conditioned thereunder, that if said Wilmoth should faithfully discharge the

duties of the said office, as constable, the obligation was to
be void, otherwise in full force; that defendant in error
Wilmoth thereupon took upon himself the discharge of the
duties of the said office of constable; that said constable,
while in the discharge of his said office, committed the
wrongs and grievances against the said plaintiff's usee,
Susan Rutledge, as follows, to wit: The said Wilmoth, on,
etc., at, etc., with force and arms assaulted the said Susan
Rutledge, and with force and arms seized and threw her to
the ground; that while then and there riding a horse he
wilfully urged the said horse toward and upon her, until by
force and violence, the horse ran against her, and cast her
with great violence to the ground; that he then and there
threatened to take her life, and by boisterous and threaten-
ing conduct and language frightened and disturbed her, by
means whereof, she then and there being a woman pregnant
with child, was greatly hurt, etc., and became sick and suf-
fered great pain, and in consequence of the assault was
prematurely delivered of the child of which she was then
pregnant, and was hindered in the performance of her usual
work, etc.; that at the time of committing the said wrongs the
said Wilmoth, as constable, had then and there in his hands
a writ of execution, in due form of law, issued by a police
magistrate in said county, directed to any constable in said
county, commanding such constable that of the goods and
chattels of John Rutledge, there be made the sum of $12,
etc., which John Gumdon had lately recovered before said
magistrate in a plea against the said John Rutledge, and to
make due return of said writ as the law directs; that said
writ was by said magistrate delivered into the hands of said
Wilmoth, he being then and there a constable as aforesaid,
and that said execution was in full force and effect, etc.;
that said Wilmoth, on the day, etc., by virtue of said office
of constable, in pursuance of said command of the said writ,
did attempt and endeavor to levy the said writ upon the
goods and chattels of John Rutledge, and did then and there
commit the wrongs and grievances herein complained of;
that in so doing he used more force than was necessary,
lawful or proper in the execution of the said writ.

The People v. Wilmoth.

A demurrer was interposed to the said declaration by the attorney for the defendants in error, which the court below upon hearing sustained, and plaintiff in error abiding the declaration, the court rendered judgment against Susan Rutledge for costs. To reverse said judgment this writ of error is sued out.

The question arises upon this record, whether upon the face of the declaration there is any cause of action shown. We think there is not. We have examined the declaration with care and find no sufficient averment in it to sustain the cause of action. In order to make good a charge of this character, the declaration must show by facts and circumstances stated, that the injury complained of was done by the constable by virtue of his office or by color of his office. It is not enough to make a general charge that the act was done by color or by virtue of his office. The facts and circumstances must be stated so as to show that it was so done, and so that the court can see that the defendants, on the facts stated, are liable. In this case all that is shown by the declaration is that the constable had in his hands an execution against the usee's husband, and was attempting to execute the same by levying on the goods of the husband, and in attempting to make the levy committed the trespass on Susan Rutledge charged. There is no connection shown between the attempted levy of the writ on the goods of John Rutledge and the assault on Susan. From all that appears from the allegations of the declaration, the assault was in no way connected with the levy. From all that appears, the constable simply stepped aside from his official duties, and made an unprovoked and entirely unnecessary assault on the plaintiff's usee. The mere facts stated that at the time the levy was being made the constable stepped aside from his official duty and made an assault on a third party, unconnected with the transaction of making the levy, would not render the constable liable on his official bond. Suppose a constable, with an execution in his hands on his way to make a levy, should meet a stranger to the execution, and for any reason unconnected with the levy of the

execution should make an assault upon him, could it be contended that the constable would be liable on his official bond simply because he held a valid execution in his hands? Or would he be thus liable simply because he was a constable? We think clearly not. There can be no inferences drawn to help out a declaration not legitimately arising from the facts stated therein. All intendments are held most strongly against the pleader, and only those facts well pleaded are admitted by a demurrer. The case of Lamon v. Fusier, 111 U. S. 17, and People v. Robinson, 89 Ill. 159, and other cases cited by plaintiffs in error, which hold that a levy by a sheriff or constable upon the property of B by virtue of a writ against A is a breach of the officer's official bond, is not at all applicable to a case like this. There the officer acts directly by color and claimed right of his writ. No such state of facts are charged in the declaration in this case. The charge in the declaration that the assault on Susan Rutledge was made in attempting to make the levy, is not sufficient. It must be shown by facts stated, so the court can see the connection between the attempted levy and the trespass. Otherwise the trespass would be deemed the private act of the constable. Commonwealth v. Cole, 7 B. Monroe, 250; People v. Toomey, 25 Ill. App. 46 to 49; Murfree on Official Bonds, Sec. 540.

Because the declaration failed to show a cause of action, the court below committed no error in sustaining the demurrer to it. The judgment of the court below is therefore affirmed.

*Judgment affirmed.*