## William H. Smith v. George F. Brown et al.

1.  REPLEVIN—*Remedy of the Officer Serving the Writ.*—Where a plaintiff in replevin, being defeated in the action, fails to make a return of the property as awarded, and the officer who served the writ is sued, charged with having taken an insufficient bond, the obligors in the bond are bound to answer to the officer for any damage sustained by him in executing the writ, and when sued he may call upon them as his indemnitors, to defend the suit, and thus bind them by the result.

2.  SAME—*Suits upon the Bond—Notice to Obligors to Defend.*—Where the obligors in a replevin are notified of a suit thereon against the officer replevying the property, and appear and make an unsuccessful defense, so far as the parties to the suit are concerned, the question of the sufficiency of the bond under the statute is conclusively determined.   But if it was not, and the property was not returned as awarded, the officer would be liable, and being so he might sue on the bond, even though it is not good as a replevin bond under the statute.

Debt, on replevin bond.—Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.   Heard in this court at the November term, 1894.   Reversed and remanded.   Opinion filed June 3, 1895.

J. MARSHALL MILLER and OWEN P. THOMPSON, attorneys for appellant, contended that while a replevin bond may be faulty under the statute and insufficient to sustain a suit if objections are properly interposed, yet when the plaintiff has had the goods delivered to him, the fact that the bond does not conform to the statute is no defense to a suit thereon.

It may be good as a common law bond, and as such must receive such construction as will most effectually accomplish the intent of the parties to it. It is not void, and may be recovered upon, and it would be unreasonable to allow the makers of the bond to dispute it after the principal has had the benefit of it." Citing Wells on Replevin, 227; Wolf v. McClure, 79 Ill. 564; Fournier v. Faggott, 3 Scam. 347; Pritchett v. People, 1 Gilm. 525.

The bond in replevin will be liberally construed for the purpose for which it was given. Hotz v. Bowlman Bros. Co., 47 Ill. App. 378; Hibbard v. McKindley, 28 Ill. 240; Schill v. Reisdorf, 88 Ill. 411; Barnes v. Brookman, 107 Ill. 317.

H. G. WHITLOCK, attorney for appellees.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The question here is as to the sufficiency of a declaration in an action of debt on a bond in replevin. The action was brought by the officer to whom the bond was given against the principal and sureties. It alleged that said principal, being the plaintiff in replevin, was defeated on the trial of the suit, and was adjudged to make return of the property, which he failed to do, and that the defendant in replevin then brought an action in the County Court of Peoria County against the officer who executed the writ (being the obligee in the replevin bond and the present plaintiff), and his sureties on his official bond, alleging the facts aforesaid and also that the said replevin bond was insufficient in that neither the principal nor the sureties thereon resided within the county of Peoria, where the replevin suit was brought. It was further averred that upon the institution of said action against the plaintiff he notified the defendants herein, and requested them to defend the same, and that they accordingly undertook to do so, but failed therein, and that judgment was rendered for the value of the property replevied, etc., against the present plaintiff and his sureties, which judgment remaining in full force, etc., was paid and dis-

charged by the plaintiff, and to recover the amount so paid with costs, etc., the present suit was brought. A general demurrer was sustained to the declaration.

The plaintiff abided and suffered judgment for costs, from which he prosecutes this appeal.

The statute, Sec. 10, Ch. 119, provides for the form and conditions of the bond in replevin, and by Sec. 25 it is provided that when any of the conditions of the bond are broken the officer, or the plaintiff in the name of the officer for his use, as the case may be, may maintain an action on the bond and may recover any damages sustained in consequence of the breach of such condition. Thus the action may be brought by the officer for the use of the person whose property had been taken under the writ, or by the officer for his own use as occasion may require. The bond is for indemnity to the officer as well as to the defendant in replevin. People, etc., v. Robinson, 89 Ill. 159.

The declaration here shows that the plaintiff in replevin did not make return as was awarded, and thus a condition of the bond having been broken the officer was sued and charged with having taken an insufficient bond. The obligors in that bond were bound to answer to the officer for any damage sustained by him in executing the writ. When he was sued he might call on them as his indemnitors to defend the suit and thus bind them by the result. Freeman on Judgments, Sec. 181; Herman on Estoppel, Sec. 54; Bigelow on Estoppel, 3d Ed., p. 84–5; Drennan v. Bunn, 124 Ill. 175.

Here it was alleged, the present defendants, being so notified, appeared and made an unsuccessful defense. Whether the bond was such as the statute required was by that judgment conclusively determined so far as these parties are concerned. If it was not, and the property was not returned, the officer was liable, and being so he might sue on the bond, even though not good as a replevin bond under the statute. Fournier v. Faggott, 3 Scam. 347; Pritchett v. The People, 1 Gilm. 525; Wolf v. McClure, 79 Ill. 564.

We are of opinion the declaration disclosed a substantial cause of action. The judgment will be reversed and the cause remanded.