## James Larney et al. v. The People, etc., for the Use of Charles A. Pusheck.

1. REPLEVIN—*Liability of the Officer in Taking Bond.*—In taking a replevin bond the officer is not an insurer of the sufficiency of the surety and is only liable if he fails in the exercise of diligence and care and use of information reasonably at command, and such exercise of sound judgment as a prudent man would use in important business affairs.

**Debt,** on a replevin bond. Trial in the County Court of Cook County; the Hon. R. W. S. WHEATLY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed May 8, 1899.

McCLURE & ANDERSON, attorneys for appellant.

It is sufficient if a sheriff or constable, in accepting a surety on a replevin bond, resorts to the usual means to acquire a knowledge of his responsibility and takes security believed and understood by well informed men to be responsible. People v. Robinson, 89 Ill. 159; Robinson v. People, 8 Ill. App. 279.

The requirement of the law is answered if the officer accepting a surety on a replevin bond has availed himself of the best means of forming a correct opinion of the value of the property owned by the surety, and believes that it is of the required value. People v. Haines, 5 Gilm. 528.

Payment of a judgment can be shown by parol testimony. Black on Judgments, Vol. 2, Sec. 990; Hollenbeck v. Stansberry, 38 Ia. 325.

It is competent to show in mitigation of damages in a suit on a replevin bond that the replevin suit was not tried upon its merits, and that the right of property was, in fact, in the plaintiff in the replevin suit. Rankin v. Kinsey, 7 Ill. App. 215; Chim v. McCoy, 19 Ill. 604; Holler v. Coleson, 23 Ill. App. 324; Stevison v. Earnest, 80 Ill. 513.

Where it can be shown that the replevin suit was not tried upon its merits, and complaint is made that the surety on the replevin bond was insufficient when taken, before suit can be commenced against the officer who accepted the surety, the proper damages must have been ascertained by a suit against the principal and surety on the replevin bond. Carter v. Duggan, 10 N. E. Rep. 486.

J. N. SWARTS, attorney for appellee.

A person has no right to substitute his belief of what is right in opposition to the law, however good his intentions may be. The law has made him virtually the agent of both parties, and it has prescribed his duties whilst so acting, and he has no right to substitute his opinion, however honest, for the requirements of the law. It has spoken, and he must obey. People for use, etc., v. Core et al., 85 Ill. 248.

A sheriff who does not take a proper bond in replevin is liable on his official bond. In taking a bond, the officer acts as the agent of the law and not of a party to the suit; he must know the law and keep within it at his peril. An officer is liable on his official bond if he takes insufficient surety on a replevin bond, and the measure of damages is not the value of the property replevied, but is the amount plaintiff has lost by reason of the misdoing of the defendant in accepting insufficient securities. Cobbey on Replevin (1890), Sec. 686.

He can require just such a bond as the statute provides for and none other; but he is the sole judge of the bond, and is responsible on his official bond if he fail in his duty to either party. If he once passes upon the bond, so far as he is concerned, his act is final.

He is not an insurer of the continued solvency of the
parties to the bond, but is responsible for their solvency at
the time they sign the bond.    He is also responsible for the
bond being executed in a statutory manner.    Cobbey on
Replevin, Sec. 679.

The sheriff in a replevin suit is not authorized or directed
by the statute to deliver the property to the plaintiff he
seizes upon the writ, until the plaintiff furnishes him a bond
with sureties of undoubted sufficiency.    The People, for use
of Fletcher, v. Lee, 65 Mich. 557.

MR. JUSTICE SEARS delivered the opinion of the court.

This suit was originally commenced before a justice of the
peace, against appellants, James Larney, a constable, and
his sureties on his official bond, for the failure of said Lar-
ney to take sufficient security on a replevin bond before
executing a writ of replevin.    The case was appealed to the
County Court, where a trial was had by the court with a
jury.    The plaintiff, appellee, recovered judgment.    From
that judgment appellants prosecute this appeal.

Only two of the grounds of error relied upon by appel-
lants need be considered.    First, that the court erred in the
giving of the first, second and third instructions tendered
by appellee; and, secondly, that no damages could be prop-
erly assessed in this suit upon the official bond for value of
goods taken on the replevin writ, because, it is claimed, the
replevin suit was not tried upon its merits and there has
been no suit upon the replevin bond.

The objection urged to the instructions in question is,
that they make the constable an insurer of the sufficiency
of the surety on the bond, irrespective of the degree of care
which he may have exercised in examining as to the surety.

The first of the instructions in question is as follows:

"The jury are instructed that it was the duty of the
defendant, James Larney, before executing the writ of
replevin, to take a replevin bond with sufficient security in
double the value of the property about to be replevied, and
unless the defendant, James Larney, did take such security,
the jury should find for the plaintiff."

Larney v. People.

The second and third instructions are subject to the same objection. It is argued by counsel for appellants that the element of care and diligence on the part of the officer is ignored in these instructions, and that the jury are in effect informed that if the officer failed to secure a bond with sufficient security, then they were to find for the plaintiff, without regard to evidence tending to show that the officer had exercised such care and diligence and sound judgment as the law required of him. In other words, the complaint is that the instructions make the officer an insurer of the sufficiency of the surety, and hence are erroneous.

By Section 12 of Chapter 119, Rev. Stat., it is provided that if the officer shall return an insufficient bond he shall be held liable, etc.

The authorities are not altogether in harmony as to the liability imposed upon the officer in this behalf. There are authorities which hold in effect, in construing statutes like the one here in question, that the officer is answerable for the solvency and sufficiency of the surety on the bond accepted by him, and can not excuse himself from liability by any showing of diligence, if the surety accepted prove to have been in fact insufficient. Wells on Replevin, Sec. 385; Cobbey on Replevin, Sec. 679; Gibbs v. Bull, 18 Johns. 437; Oxley v. Cowperthwaite, 1 Dall. (Pa.) 349; Pearce v. Humphreys, 14 Serg. & R. 25.

And it has been held that the officer is not only answerable for the solvency and sufficiency of the surety when the bond was accepted, but as well for the solvency and sufficiency of the same at the time when the surety is called upon to respond to his obligations. Meyers v. Clark, 3 Watts & S. 535.

The thirteenth section of chapter 119 of our statute provides against the latter construction by enacting, in effect that if the surety is sufficient when accepted, subsequent insolvency or insufficiency shall not operate to render the officer liable.

But there are decisions which apply a construction to like statutes much less severe in the liability imposed upon the officer.

In Mounson v. Redshaw, 1 Saund. 195, note m., it is said : "If at the time of the taking of the bond the sureties were apparently responsible, the sheriff is not liable to an action for taking insufficient pledges." See also Hindle v. Blades, 5 Taunton, 225; Scott v. Waithman, 3 Stark. N. P. C. 168; Jeffery v. Bastard, 4 Ad. & El. 823.

In this State it would seem that the officer is held not to be an insurer of the solvency and sufficiency of the surety at the time of accepting the bond. In People v. Core, 85 Ill. 248, the court, while not having under consideration the solvency of a surety, yet discusses the liability of the officer in general, and intimates that it is to be determined by the degree of care and diligence exercised by him in examining into the sufficiency of the bond.

In two later decisions, viz., People v. Robinson, 89 Ill. 159, and Robinson v. People, 8 Ill. App. 279, both the Supreme Court and this court indicate that the officer may be excused from liability by a sufficient showing of diligence, the using of the best means of information reasonably at his command, and the then apparent sufficiency of the surety when thus examined and accepted.

In the case cited the Supreme Court said :

"It appears the sheriff resorted to the usual means to acquire a knowledge of his responsibility. He not only inquired of the neighbors, and of reliable men who knew the surety, and of the assessor, but he administered an oath to the surety, the effect of all which was to satisfy the sheriff the surety was good. It is sufficient if he takes security believed to be, and understood by well informed men to be, responsible. We can not think the sheriff was derelict in his duty in this particular. The evidence shows at the time Charles W. Jagerman signed the bond, he was good and sufficient. The sheriff can not be held to be an insurer."

And in the same suit this court said :

"The real point of the instruction was, excluding this matter of surplusage, that the plaintiff's right of recovery was made dependent solely upon the question whether the bond was in fact good and sufficient. If this be so, then the sheriff is an insurer; but the law does not make him

Larney v. People.

such, and only requires of him that he should be guilty of no omission of duty, and avail himself of the best means of information reasonably at his command, and exercise such sound judgment as a prudent man would use in important business affairs."

It is true that in the Robinson case the Supreme Court declares that the surety was in fact "good and sufficient;" yet we can not interpret the decision as announcing any different rule than that announced by this court in the same case through the opinion of Mr. Justice Baker, viz., that the officer is not an insurer of the sufficiency of the surety, and is only liable if he fail in the exercise of diligence and care and use of information reasonably at command, and such exercise of sound judgment as a prudent man would use in important business affairs.

Governed by these decisions, we must hold that the instructions in question are erroneous.

We are relieved from any consideration of the questions of law raised by the second contention of appellants, by reason of the fact that there was a trial of the merits of the replevin suit, viz., the trial before the justice of the peace.

We find it unnecessary to consider other questions raised by the briefs because of the view we take of the instructions given.

For error in the giving of the instructions considered the judgment is reversed and the cause is remanded.