### Simon Mayer v. The People, for the use of, etc.

92    123
s190s 109

1. REPLEVIN—*Duty of the Officer Taking Bond.*—Where an officer replevies property without taking a bond in a sufficient penalty to protect the defendant in case a return is awarded, he will be liable upon his official bond for the damage sustained. It is his duty to ascertain the value of the property sought to be replevied, independently of the plaintiff's affidavit, and fix the amount of the bond accordingly.

Replevin.—Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed November 20, 1900. Rehearing denied.

SIMEON STRAUS, attorney for appellant.

LENNARDS & AUSTIN, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This is an action in debt brought upon the official bond of Timothy McCuddy, a constable in Cook county, the appellant herein being one of the sureties on said bond.

January 7, 1896, Constable McCuddy, in executing a replevin writ, took certain personal property from Edith O'Rourke, for whose use this suit was brought. In the suit in which the replevin writ was issued a writ of *retorno habendo* was ordered. The property was never returned and this suit was brought against the constable and his surety, the appellant, to recover the value of such property.

The second amended declaration contains two counts, each assigning a breach of the condition of the constable's bond:

First. That the constable neglected to deliver to plaintiff the goods and chattels taken on the replevin writ; that the goods were of the value of $2,000, and that the constable wrongfully and in bad faith took an insufficient bond.

Second. That the constable refused to return the goods and chattels replevied upon a *retorno habendo*, and that the goods were of the value of $2,000.

In the court below a jury was waived. Upon the trial the court found the issues for the appellee and found the value of the property to be $1,700, and the interest to which the usee was entitled to be $319.03, making $2,019.02. Judgment was thereupon entered in debt for $25,000 (the penal sum in the bond), the damages being adjudged to be $2,019.02.

The first question to be considered is whether the replevin bond taken by said constable was good and sufficient as required by statute.

Mayer v. The People.

Counsel for appellant in his brief insists that the officer is not an insurer of the solvency of the surety and that if he took proper care to satisfy himself, and that he was satisfied of the sufficiency and solvency of the surety, that he is not liable on his official bond for taking insufficient security. At the instance of appellant that was held by the trial court to be correct as a proposition of law. People v. Robinson, 89 Ill. 159.

But the question presented upon this record is not grounded so much upon the alleged irresponsibility or insufficiency of the surety as it is upon the fact that the bond was not sufficient in amount. The affidavit for replevin states that the property is of the value of $200. The replevin bond is in the penal sum of $400. The statute provides that the bond shall be " in double the value of the property  *  *  *  and conditioned for the payment of all costs and damages occasioned by the wrongful suing out of said writ of replevin."

The constable took no inventory and apparently took no steps whatever to ascertain or fix the value of the property taken by him from the usee upon the replevin writ. He levied upon the contents of a grocery store and a market, besides horses, wagons, etc. He had several wagons with which to remove the goods levied upon. The evidence tends to show and the trial judge found that the property taken was of the value of $1,700. Clearly the bond was insufficient in amount. The constable was grossly negligent in taking so much property without requiring a larger bond.

It seems probable that the constable accepted the amount named in the affidavit for replevin as being the value of the property. It is here contended and there is substantial ground for the contention that a worthless party as plaintiff made an affidavit that the property was of the value of $200, that the constable took a bond with a worthless surety—and that after levying upon a large amount of property, turned it over to another worthless person (not the replevin plaintiff) without taking an inventory or account

of the property thus levied upon and delivered.   If such are the real facts, there is no condemnation too severe for those knowingly participating.    The fact that Constable Mc-. Cuddy took a bond in double the amount stated in the replevin affidavit to be the value of the property does not protect him from liability.   If he was honest in this transaction his surety has failed to present such a record as to convince us that such is the fact.   In People v. Core, 85 Ill. 248, the court held as stated (correctly) in the syllabus :

" If the sheriff replevies property without taking a bond in a sufficient penalty to protect the defendant in case a return is awarded, he will be liable to the defendant, upon his official bond, to the extent of the damage sustained. He must ascertain the value of the property, independently of the affidavit of the plaintiff, and fix the amount of the bond accordingly."

That case as to the insufficiency of the bond in amount, is like the case at bar and must control.   It is contended by counsel for appellant that the Core case is overruled by the Supreme Court in the Robinson case *ante* (89 Ill.159).   We do not so understand the opinion in the latter case.   The question as to the amount of the bond is not there under consideration but only the question as to the sufficiency of the surety.   The same is true as to the case of Larney v. People, 82 Ill. App. 564, cited by counsel for appellant, where only the sufficiency of the surety is being considered, not the amount of the bond.   As stated, the court below held the proposition of law as laid down in the Robinson case.

No error is presented by counsel or noticed by us which would justify a reversal of the judgment of the court below.

The judgment of the Circuit Court is affirmed.