JONATHAN ANDREWS *et al. vs.* HOWARD S. PAINE.

DECEMBER 1, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of trespass on the case for deceit brought by a sheriff and his deputy. The plaintiffs were nonsuited in the Superior Court; the case is in this court on plaintiffs' exception to the nonsuit.

On November 16, 1929, a writ of attachment in the suit of *Sweet* v. *Taylor* was served by one of the plaintiffs and certain personal property of the defendant Taylor was attached. The same day Taylor delivered to the officer a statutory bond signed by himself as principal and by Howard S. Paine as surety in the penal sum of $400. To induce the officer to accept him as surety Paine made an affidavit that he was the owner of certain real estate in the city of Providence of the value of $10,000 over and above all incumbrances thereon. There were three mortgages on this property, one of which was subsequently foreclosed. The property was not of sufficient value to satisfy the mortgages. Paine's interest in the land was of no value and he undoubtedly knew this to be the fact. Relying upon the false representation of value, the officer released the attachment.

Thereafter Sweet obtained a judgment in his action and execution was issued which is unsatisfied. The representation as to the value of defendant's ownership in the land was not a mere expression of opinion. It was a statement

of fact and a warranty of value upon which the deputy sheriff relied.

A false warranty of value is a legal deceit. *Handy* v. *Waldron*, 18 R. I. 567. Defendant claims that, even if the deceit were proved, this action cannot be sustained by the attaching officer as he has not suffered any damage; that if any action lies, it must be brought by the plaintiff in the original suit. This claim is specious and without merit. In *Wilson* v. *Donnelly*, 19 R. I. 113, it was held that an action on a bond to satisfy a judgment given to an officer to secure the release of an attachment must be bought in the name of the officer; that the officer, however, is merely a nominal party and his interest is that of a trustee for the plaintiff in the suit in which the attachment was made.

In attachment proceedings the statute (G. L. 1923, C. 350, s. 15) provides that the officer shall keep the personal property attached in his custody as security to satisfy such judgment as the plaintiff may obtain. If the court directs a sale of the property, the officer is required to pay the proceeds of the sale into the registry of the court, there to be held as security to satisfy the judgment which the attaching creditor may recover. G. L. 1923, C. 351, s. 3.

In the case at bar the plaintiff in the original suit has been deprived of the security for the satisfaction of his judgment by the wrongful act of Paine. The real party in interest is the plaintiff in the original action. The officer is merely a nominal party who sues for the benefit of said plaintiff. The measure of damages is the amount of the security which said plaintiff has lost and which is needed for the satisfaction of his judgment. The damages recovered by the sheriff are held by him for the benefit of the plaintiff, subject to the order of the court.

Defendant also claims that the officer was guilty of negligence in accepting the bond without making an investigation of the value of the real estate. Sections 16 and 18, Chap. 350, G. L. 1923, provide that a defendant may secure the release of an attachment on personal property

by the delivery of a bond in the penal sum of the amount of the damages laid in the writ, signed by the defendant, with surety or sureties to the satisfaction of the officer, with a condition therein that the same shall be null and void if the final judgment in the action in which the writ was served shall be forthwith paid and satisfied after the rendition thereof.

In taking a bond the officer acts as the agent of the law and not of a party to the suit. He is the sole judge of the sufficiency of the bond; but the statute does not make him an insurer of the sufficiency of the surety. He is liable only if he fails to use reasonable care and diligence and to make such investigation and to exercise such sound judgment as a prudent man would use in important business affairs. *Larney* v. *People*, 82 Ill. App. 564. Negligence is generally a question of fact. Assuming for the purpose of the argument that there was official negligence, that is no defense to the action. In *Hunt* v. *Barker*, 22 R. I. 18, it was held that a person to whom a false representation as to the ownership of land is made who, relying on its truth, has acted to his loss is not precluded from maintaining an action for deceit because the true state of the title to the land might have been ascertained by him by an examination of the land records.

The exception of the plaintiffs is sustained and the case is remitted to the Superior Court for a new trial.

*Raymond & Semple, Harold R. Semple,* for plaintiffs.
*Walter J. Hennessey,* for defendant.